REQUESTED BY: Robert A. Ide, Phelps County Attorney, 417 West Avenue, Holdrege, Nebraska 68949.
A liable and slander suit is filed, jointly and severally, against a county, and the county sheriff, both in his official capacity and individually. The basis of the action was alleged statements made by the sheriff `in a public place stated to diverse persons that the plaintiff had burned his own house.' The petition further alleged that the statements in question were made to nonlaw enforcement persons who had no official or legal interest in the matter and that such statements were not in the furtherance of or incidental to the investigation of suspected arson. The sheriff separately retained his own private legal counsel. Ultimately, a form of retraction was agreed upon and the suit was dismissed. The sheriff has submitted a claim for the payment of his personally incurred legal expenses. Is the county obligated to pay the claim?
It depends upon the application of section 28-844, R.R.S. 1943, and requires certain factual determinations to be made by the county board.
There are two statutory provisions which specifically relate to legal fees and other costs incurred by law enforcement officers in connection with litigation. Section23-1720, R.R.S. 1943, simply provides for the indemnification of sheriffs or deputies for the expense of legal counsel incurred in representation in an action by a surety on the sheriff's official bond. That particular section would appear to have no application. The other statutory provision is found in section 28-844, R.R.S. 1943, which reads:
 "If any legal action shall be brought against any municipal police officer of constable, or county sheriff or deputy sheriff, or any other elected or appointed offical of any political subdivision, based upon the negligent error or omission of such official while in the performance of his lawful duties, the municipality of county which employs such official shall defend such official against such action and if final judgment is rendered against such official then such municipality or county shall pay such judgment in his behalf and shall have no right to restitution from such official. Any municipality, county, or other political subdivision shall have the right to purchase insurance to indemnify itself in advance against the possibility of such loss under the provisions of this section, and the insurance company shall have no right of subrogation against the official. This section shall not be construed so as to permit a municipality or a county to pay for a judgment obtained against an individual as a result of illegal acts committed by such individual." (Emphasis added.)
Under that statute, a county is obligated to defend a sheriff and save him harmless from judgment in any action arising out of the performance of his lawful duties, except in the case of a judgment based upon illegal acts committed by the sheriff. In the question presented here, clearly there was a `legal action' brought against the sheriff; and, if the statute is otherwise applicable, the payment of fees and other legal expenses incurred by the sheriff would seem to come within the statutory duty of the county to `defend' the sheriff in such action.
Assuming for the moment that the sheriff's allegedly defamatory remarks were uttered while in the performance of his official duties, a preliminary inquiry must be made as to whether the incident comes within the meaning of the term `negligent error or omission,' as used in section 28-844. On one hand, if the statements were made with malice or in bad faith, the conclusion would appear inescapable that it was not mere negligence. On the other hand, if it were a case of mere careless loose talk make in good faith, but without due regard for the consequence thereof, then probably it would qualify as a `negligent error or omission,' in the broad sense of that term. The more difficult question is, if it be found to be mere negligent conduct, whether the utterance was made by the sheriff `while in the performance of his lawful duties,' as the term also is used in the statute.
The 1972 legislative standing committee statement of intent with respect to LB 1278 indicates that the primary purpose of the bill (now section 28-844) was to protect law enforcement officers from exposure to personal financial liability in lawsuits based upon `legal technicalities' in the area of making arrests and conducting searches for evidence of crime. However, the language of the statute is much broader than that and, actually, is unlimited as to any particular type of duties which might be involved. The language of the statute is sufficiently broad to cover the full range of all official duties, either civil or criminal, which a sheriff is authorized to perform. It may be appropriate to pause at this point with the parenthetical comment that in referring to the performance of lawful duties the Legislature did not use the term `lawful' in the sense of applying only to such conduct as in all respects was performed in a lawful and nonlegal actionable manner. Such an interpretation, obviously, would be counterproductive to the intended purpose of LB 1278. Conversely, it is equally obvious that the Legislature did not intend to grant to law enforcement officers virtual absolute immunity from personal accountability for harm to others while ostensibly in the performance of duty.
Simply because a suspected arson may have been under investigation by the sheriff at the time, it does not necessarily follow that the allegedly defamatory utterances were made in the performance of official duty in connection with that investigation; no more so than, for example, if the sheriff were to negligently cause injury in the operation of a motor vehicle while engaged in a nonofficial activity.
In the final analysis, in order to properly act upon the sheriff's claim, these factual determinations must be made by the board, taking into consideration the totality of all of the known circumstances surrounding the incident. If the county board determines both that at the time of the alleged defamatory utterances the sheriff was in the performance of some official duty and that such utterances constituted mere negligent or careless behavior on the part of the sheriff, it would seem proper to allow the claim. Otherwise, the claim should be denied.